McCORD, Judge.
Appellant, employer, appeals from a workers’ compensation order in which the deputy commissioner found that appellee, claimant, sustained a compensable injury to his back and that appellant’s defense, pursuant to Martin Company v. Carpenter, 132 So.2d 400 (Fla.1961), that appellee made false representations on his job application, is not appropriate or applicable because no causal relationship was established between the alleged false representations and appellant’s injury. We affirm.
In Martin Company v. Carpenter, the court ruled as follows:
We therefore adopt the rule that false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the workmen’s compensation act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation
On appellee’s job application and personal history statement, a check mark was made under the answer “No” to the question whether appellee had ever had a back injury. At the hearing, appellee denied ever previously sustaining a back injury and did not recall filling out that block on the personal history sheet. One of appellant’s employees testified that appellee made the check mark in answer to that question. The record shows that appellee sought compensation benefits in Illinois for a back injury alleged to have occurred in June 1975 but, as a result of that claim, he received benefits only for an injury to his leg. Competent substantial evidence supports the deputy commissioner’s finding of no causal connection between the alleged previous back injury and the present injury.
In his order, the deputy commissioner stated that the parties stipulated that the only issue before him was the question of compensability. In his order, however, he found that because appellee is in need of further medical attention based upon his subjective complaints, he should be returned to the original treating physician for further evaluation and treatment and he ordered appellant to pay for same. Contrary to the deputy commissioner's statement and appellant’s contention here, the parties did not stipulate that the only issue was compensability. In fact, the transcript of the hearing before the deputy commissioner reveals that, at the hearing, counsel for appellee related to the court that appel-lee was seeking medical treatment also; that he could remain in Florida for two weeks to obtain that treatment, if awarded. Appellant made no objection to that statement. Consequently, the deputy commis *1046 sioner was justified in considering and disposing of the medical benefit issue.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.